**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CAPITAL INVESTMENT
FUNDING, LLC,

      Plaintiff,

v.                                            Case No. 3:19-cv-606-J-32JRK

ARTHUR FIELD and KATHRYN
TAILLON,

      Defendants.

_____

**O R D E R**

This case is before the Court sua sponte. Defendants removed this case from state court on May 22, 2019 on the grounds of both diversity and federal question jurisdiction. See Doc. 1. In its notice of removal, defendants contend plaintiff is a citizen of South Carolina because its registered agent is in South Carolina and it is a South Carolina LLC. This is insufficient to establish diversity jurisdiction because, as a limited liability company, plaintiff is deemed to be a citizen of every state of which any of its members are citizens. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). If the Court were satisfied that the petition raised a federal

question, the deficient diversity allegations would not matter.[1]  But the Court is not so sure about that either.

Defendants claim that "Plaintiff raised a Federal Question in paragraph 17 of the Petition" (Doc. 1 at 2).  In paragraph 17 of the petition (Doc. 3), plaintiff contends that defendants' claim of homestead exemption is pre-empted by federal law.  But "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." Merrill Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986).  Rather, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005).  Here, it does not appear that there is a federal pre-emption issue at all, let alone a "substantial one."  Plaintiff's petition states that defendants' homestead defense is pre-empted pursuant to 18 U.S.C. § 3613(c), which establishes that a criminal restitution lien is not subject to state law.  But the attachments to the petition reveal a state court

---

[1] The amount in controversy exceeds the necessary threshold for diversity jurisdiction so only the citizenship allegations are at issue.  Notably, defendants allege they are citizens of Florida.  Only non-resident defendants may remove an action based on diversity, but this is a procedural defect that plaintiff has waived by not timely seeking a remand.

criminal restitution lien, not a federal one.² Thus, it does not appear that a federal question is presented by plaintiff's petition.

As the removing party, defendants bear the burden of establishing federal jurisdiction. Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 751 (11th Cir. 2010). No later than **August 9, 2019** they shall supplement their notice of removal to provide more information about every member of plaintiff's limited liability company³ and/or additional allegations as to how the petition presents a federal question.

Finally, defendants contend that removal is premised on the petition (Doc. 3), which bears the same state court case number as Jerry Saad v. Arthur Field, an earlier iteration of the same case. Defendants cannot remove part of a case and the Court seeks assurance from defendants no later than **August 9, 2019** that the entirety of the case is now before the Court.⁴

---

² Moreover, even if it were a federal criminal restitution lien, only the United States may enforce such liens. See, e.g., ACF 2006 Corp. v. William F. Conour Clerk's Entry of Default Entered 11/18/2013, No. 1:13-cv-1286-TWP-DML, 2015 WL 417553, *9 (S.D. Ind. Jan. 30, 2015) (finding intervenors lacked standing to enforce lien established under federal criminal restitution order because only the United States may enforce such a lien).

³ Plaintiff is directed to cooperate with defendants' efforts in that regard.

⁴The Court is also unsure why plaintiff sought and secured summonses for service on defendants following removal. See Docs. 6, 7, 8. Perhaps plaintiff likewise viewed the petition as a new matter, but defendants have filed this federal case by removing it from state court and should not therefore need to be served with federal summonses to secure their appearance. The Court will void the summonses unless plaintiff explains why they are needed no later

**DONE AND ORDERED** in Jacksonville, Florida the 19th day of July, 2019.

*[Signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record

---

than **August 9, 2019.**